## GEORGIA MIDLAND & GULF RAILROAD CO. *v.* EVANS.

1. Under our code, negligence of a railroad company being presumed when injury by the running of its train is shown, it is not necessary for a father, suing for loss of the services of his minor son, not an employee of the company, who was killed on a public crossing to allege in his declaration either that he or the son was in the exercise of due care, or was without fault.

2. Ordinary care for his own safety is not necessarily the measure of diligence incumbent upon a child under fourteen years of age; nor is such child bound, as matter of law, to anticipate negligence by others. The evidence showing that the boy in question was under fourteen years of age, a request to charge the jury which assumed him to be of the age of fourteen was properly declined.

3. A locomotive engineer is not entitled to assume in all cases that persons on a public crossing will get off in time to save themselves. In running a train at a public crossing in a city, he is bound to observe reasonable diligence before he discovers peril as well as afterwards, and the company is responsible for his negligent errors of judgment.

4. A request to charge in terms not applicable to the facts in evidence, or which in laying down a proposition omits some of the material elements to be considered, is properly refused.

5 The deceased not having been killed while jumping on or off cars, his previous habit of doing so at the public crossing where he was killed is not relevant evidence.

6. It is improper for counsel, on a motion to reopen the case for more evidence made while the argument is in progress, to give the names of witnesses and state what their evidence would be without first requesting the court to cause the jury to retire. But the impropriety will not necessarily work a new trial, it not appearing that counsel acted in bad faith or with any purpose to get facts before the jury by artful practice.

7. The evidence warranted the verdict, and there was no error in denying a new trial.

July 20, 1891.

Pleadings. Negligence. Infants. Charge of court. Railroads. Evidence. Practice. Verdict. Before Judge BOYNTON. Spalding superior court. August term, 1890.

Reported in the decision.

GOETCHIUS & CHAPPELL, for plaintiff in error.

J. B. STEWART and E W. HAMMOND, *contra.*

LUMPKIN, Justice.

1. Where a father sues a railroad company for loss of services of his son, alleged to have been occasioned by the negligent killing of the latter by the company, the declaration not affirmatively disclosing any negligence or want of care on the part of either the father or

deceased, it is not necessary for the plaintiff to allege that he had exercised ordinary care and diligence to avoid the injury to his son. Nor is it necessary, where the declaration alleges that the son was killed by the negligence of the railroad company, and specifies the negligent acts complained of, to further allege that deceased himself exercised all ordinary care and diligence to prevent the injury, and that the homicide was without fault on his part. If the deceased was in fault, or could by the exercise of reasonable care have avoided the injury, these were matters of defence. Deering Law of Negl. §400; 3 Lawson's Rights, Rem. & Pr. §1216; Pierce on R. R. 322. The foregoing authorities sustain the above rulings, though they show, also, that if the declaration itself alleges facts from which consent to the injury, negligence on the part of the person injured, or failure on his part to exercise due care to avoid the consequences of defendant's negligence may be inferred, then the declaration must go further and avoid or explain such facts, and make defendant's liability appear notwithstanding the same. The presumption under our code being against the railroad, if injury and negligence by defendant are clearly set forth, the declaration is sufficient, as to these points, and need not, when the plaintiff or person injured is not an employee of the company, further allege diligence or freedom from negligence on the part of such plaintiff or person injured, unless the declaration itself contains averments tending to relieve defendant of the legal presumption against it.

2. The measure of diligence required of a child under the age of fourteen years is not the same as that required of an adult. It follows that such a child is not bound, as matter of law, to anticipate negligence on the part of others. *W. & A. R. R. Co.* v. *Young*, 83 *Ga.* 512; *Rhodes* v. *Georgia Railroad*, 84 *Ga.* 320. It

was manifestly proper to decline to charge a request which assumed the boy in question to be fourteen years old, when the evidence shows conclusively he was under that age.

3. While it is generally true that a locomotive engineer may assume that a person on a railroad track in front of an approaching engine will get off in time to save himself, he is not entitled to act upon this assumption at all times and under all circumstances. The public have a right to go upon the track of a railroad at public crossings, and our statute requires railroad engineers to have their engines under such control that they can be stopped at such crossings whenever necessary to prevent injury. It is especially incumbent upon engineers to observe this requirement of the law in approaching public crossings in cities and towns, where it is so much more likely that people will be upon the crossings than in the country. In such places, engineers should be extremely careful as well before as after discovering persons upon the track; and railroad companies are responsible, not only for actual negligence, but also for negligent errors of judgment on the part of their engineers. Any other rule on this subject would expose the people of our crowded cities and towns to constant dangers and great injuries, for which they would have no adequate remedy. Of course, people who cross railroad tracks even at public crossings must observe the ordinary rules of prudence and common sense, and exercise due caution in protecting themselves. These duties between the public and the railroads are mutual, and should be carefully observed on both sides.

4. No comment is necessary upon the proposition stated in the 4th head-note.

5. It may have been pertinent in this case to show that the deceased was familiar with the locality and the movements of trains at and near the place where he was killed. This could have been done by proving he

was frequently there, but it was not competent, in establishing this relevant fact, to go further and prove he was in the habit of jumping on and off the cars at this place. Evidence of this latter fact was, therefore, properly rejected by the court, his death not having been caused in consequence of such habit.

6. Complaint is made in the motion for a new trial that after one of plaintiff's counsel had addressed the jury, and in the midst of the argument of counsel for defendant, one of plaintiff's counsel interrupted the speaker and moved the court to allow him to introduce further testimony, stating the names of two witnesses, and very important facts which he could prove by them. This certainly was an impropriety. Under such circumstances, it would be a much better and fairer practice to request the court to cause the jury to retire, and not to state in their presence and hearing the facts sought to be proved, and the names of the witnesses by whom it was expected the same could be established. If it appeared that this conduct on the part of plaintiff's counsel was willful, and that it was deliberately intended to thus take an unfair advantage of the defendant before the jury, we would unhesitatingly order a new trial upon this ground alone. But it does not appear from the record that the counsel referred to acted in bad faith, or with any improper purpose to get facts before the jury by an artful practice. For aught that appears to us, it was simply an honest effort to get the court to allow him to place before the jury facts just discovered which he considered of great importance to plaintiff's case. As above indicated, we do not think this effort was made in the proper manner; but in our opinion, a new trial should not be granted solely on account of this impropriety.

7. The verdict being warranted by the evidence, and the trial judge being satisfied therewith, we will not disturb the finding of the jury. *Judgment affirmed.*