LEONARD, surviving partner, *v.* MIXON *et al.*　　96　239 | f125　159

Although a witness may have no distinct and independent recollection of the details of a fact occurring in the course of the routine of his business, he may testify to his fixed and uniform habit in such cases, and state that he knows what he did in a given transaction was in accordance with that habit. The probative value of such evidence was for the jury to determine, and therefore it was error for the court to prevent them from giving it due consideration, by charging that "when a witness swears to a thing which he knows to be true only from his habit of doing business, such statement is not to be taken as evidence. What the jury wants is facts, not conclusions drawn from the habits of a witness." The more especially is this error when the evidence in question was admitte without objection.

May 13, 1895. Brought forward from the last term.

Complaint on note. Before Judge SMITH. Wilcox superior court. September term, 1893.

W. L. Grice, for plaintiff.

Hal Lawson and Cutts & Hixon, for defendants.

Simmons, Chief Justice.

This was an action upon a promissory note dated November 29, 1884, payable to Lewis, Leonard & Co., and signed by James M. Mixon, T. L. Griffin and J. R. Lacy. Mixon pleaded, not indebted, and payment by giving a new note on February 11, 1885, with other sureties. There was a verdict in his favor, and the plaintiff made a motion for a new trial, which was overruled, and he excepted.

W. L. Grice, the plaintiff's attorney, testified at the trial, that subsequently to the giving of the note of February 11, 1885, referred to in the plea, the note sued upon, with other notes of Mixon, was placed in his hands for collection, and that on January 27, 1891, he wrote to Mixon that he had the notes for collection, giving a full statement of each note; that he stated who signed each note, giving the date, time of maturity, rate of interest, etc.; that he received in reply certain letters introduced in evidence, one dated January 28, 1891, and another August 28, 1891, in which Mixon acknowledged the receipt of his (Grice's) letters, and stated that he would pay the notes. The witness further testified, that he had served Mixon with notice to produce the letters which he (the witness) had written him in regard to the notes. He knew the date of the letters from a memorandum made by him at the time upon the back of the note sued upon. On cross-examination he testified: "I do not now have a distinct and independent recollection of the entire contents of my letters to Mixon, but my uniform habit in such cases was to give a full description of the claims I had against a man, and I know from this fixed habit that I did it in my letter to Mixon of January 27, 1891, which I remember writing." The trial judge, in his charge to the

jury, instructed them that "when a witness swears to a thing which he knows to be true only from his habit of doing business, such statement is not to be taken as evidence. What the jury wants is facts, not conclusions." To this portion of the charge the plaintiff excepted in his motion for a new trial, and now assigns error thereon.

We think the court erred in so charging. Although a witness may have no distinct and independent recollection of the details of a fact occurring in the course of the routine of his business, he may testify, as this witness did, to his fixed and uniform habit in such cases, and state that he knows that what he did in a given transaction was in accordance with that habit. (See 7 Am. & Eng. Enc. of Law, 63; Abbott's Trial Brief on Facts, §142, and cases cited.) The probative value of such evidence is for the jury, and it is error for the court to exclude it altogether from their consideration. More especially is it error to do this when the evidence is admitted without objection, as was the case here. See *Woddail* v. *Austin and Holliday*, 44 *Ga.* 19, where it is said that if irrelevant evidence be introduced without objection, the court may not charge the jury to disregard it. The party wishing to have it disregarded should move to rule out such evidence.

On account of the error referred to, we think a new trial should be granted.                    *Judgment reversed.*