## BEST *v.* THE STATE.

No. 8840.   NOVEMBER 21, 1932.

*H. A. Boykin* and *O. Frank Brant,* for plaintiff in error.

*George M. Napier, attorney-general, W. G. Neville, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

RUSSELL, C. J. It is a well-settled general rule that a witness, who has been subpœnaed, and who has not withdrawn from the court-room in compliance with an order sequestering the witnesses, is competent and compellable to testify, under the Civil Code (1910), § 5858. Despite the fact that the witness himself, or others, may be subject to punishment for contempt of court, the testimony will not be excluded. This rule is not altered by the fact that a witness who heard the testimony of other witnesses in the pending trial had not been subpœnaed; though if it appears that the availability and importance of the testimony was known, or other circumstances are made to appear to the court which indicate that the rights of the opposite party have been intentionally prejudiced, the court is authorized to impose similar penalties to those just referred to, for the failure to call the attention of the court, as soon as the presence of the proposed witness has been ascertained, to the fact that the person whom it was intended to introduce is in the court-room. Applying these principles to the facts appearing from the record of this case, the refusal of the court to permit the person offered as a witness by the defendant to testify was such error as requires the grant of a new trial.

As the case is being sent back for another trial, no opinion will be expressed as to the sufficiency of the evidence to support the verdict. *Judgment reversed. All the Justices concur, except*

GILBERT, J., dissenting. While agreeing to the well-settled general principles of law stated in the opinion of the court, I dissent from the judgment of reversal based upon the facts appearing in the ground of the motion. The assignment of error is based upon

the refusal of the court to allow a witness to testify, who had not been subpœnaed and who had not been put under the rule of sequestration, but who had been present in the court-room throughout the introduction of evidence. If the witness had been put under the rule and had violated it, this, of course, would not have rendered him incompetent to testify as a witness. The court could have punished the witness for contempt, because of his disobedience to the rule. *Wallace* v. *Mize,* 153 *Ga.* 374, 388 (112 S. E. 724), and cit.; *Gower* v. *State,* 166 *Ga.* 500 (4) (143 S. E. 593). Where the witness has not been put under the rule, he has not been guilty of any contempt and he would not be subject to punishment. It may be readily assumed in this case that counsel was entirely uninformed as to the availability of the witness. However, the ground of the motion is to be treated as complete. In the ground counsel neither admits nor denies that he knew, before the witnesses were put under the rule of sequestration that the particular witness referred to was in the court-room and that he would be used as such. The burden being upon movant, I do not think that this ground of the motion shows any meritorious reason for a reversal of the judgment refusing a new trial. In my opinion the judgment should be affirmed, in view of the fact that the testimony, after all, is entitled to very little weight, and it is extremely doubtful that it would have caused the jury to reach any verdict other than that returned. In a close or doubtful case where the evidence offered is material and calculated to be of substantial weight, a failure to permit the witness to testify should be cause for reversal.