## THOMAS v. SOUTHERN RY. CO. *
### No. 8579.

Circuit Court of Appeals, Fifth Circuit.

Oct. 18, 1937.

·Rehearing denied Dec. 8, 1937.

446

Wade H. Watson, of Baxley, Ga., for appellant.

L. J. Bennet, of Brunswick, Ga., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Appellant is the widow of Britt Thomas, who was killed at a private crossing by a locomotive which was pulling a fast freight train of appellee. She seeks damages for his alleged wrongful death, which occurred in the city of Baxley, Ga., about 8:15 o'clock p. m., on June 23, 1935, while he was attempting to drive a cow across the railroad track. A general demurrer was sustained to her petition, as amended, and judgment entered for the railroad company.

While appellant's petition contains many unnecessary allegations of fact, and possibly erroneous conclusions of law, her case being stated with burdensome prolixity, nevertheless we find therein the following allegations, admitted, by the demurrer, which we think sufficient to impose liability upon the appellee: When it struck the deceased, the train was traveling at a speed of approximately 50 miles an hour within the corporate limits of the city, and in violation of a municipal ordinance. It was not ringing a bell or giving any signal, and no lookout was being kept, although its employees knew that it was approaching a private crossing which was being used as such by hundreds of men, women, and children, with the knowledge of, and without objection on the part of, the railroad company; and had been so used for over 25 years.

■"Where a number of persons habitually, with the knowledge and without the disapproval of a railroad company, use a private passageway for the purpose of crossing the tracks of the company at a given point, the employees of the company in charge of one of its trains, who are aware of this custom, are bound, on a given occasion, to anticipate that persons may be upon the track at this point; and they are under a duty to take such precautions to prevent injury to such persons as would meet the requirements of ordinary care and diligence.

"The rule above stated is more especially applicable where the crossing is at a populous locality within an incorporated city.

"In view of the allegations of the petition, it was a question for the jury to determine whether the deceased could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence after the same was existing, and was either apparent, or the circumstances were such as to cause a reasonable person to apprehend its existence." Bullard v. Southern Railway Co., 116 Ga. 644, 43 S.E. 39.

See, also, Crawford v. Southern Railway Co., 106 Ga. 870, 33 S.E. 826; Louisville & Nashville Railroad Co. v. Cline, 136 Ga. 863, 72 S.E. 405; Western & Atlantic Railroad Co. v. Michael, 175 Ga. 1, 165 S.E. 37; Ashworth v. So. Ry. Co., 116 Ga. 635, 43 S.E. 36, 59 L.R.A. 592; So. Ry. Co. v. Chatman, 124 Ga. 1026, 53 S.E. 692, 6 L.R.A.(N.S.) 283, 4 Ann.Cas. 675; Atlanta & C. Air-Line Ry. Co. v. Gravitt, 93 Ga. 369(4) 390, 20 S.E. 550, 26 L.R.A. 553, 44 Am.St.Rep. 145.

It is insisted that the deceased came to his death through his own voluntary act. We do not think this appears on the face of the petition. It is also claimed that the appellant's husband, by the exercise of or-

dinary care, could have avoided the consequences of the appellee's negligence. The burden rests on the railway company to establish this defense. Civil Code Ga.1895, § 5160 (Code Ga.1933, § 38-103); Falkner v. Behr, 75 Ga. 671; City Council of Augusta v. Hudson, 88 Ga. 599, 15 S.E. 678; Georgia Midland & G. R. Co. v. Evans, 87 Ga. 673, 13 S.E. 580. Of course, contributory negligence may be shown from the allegations of the petition itself, but such is not clearly apparent in this case. Furthermore, contributory negligence is not a complete defense; it only requires that the damages be reduced in the proportion that the negligence of the deceased contributed to the injury.

The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.