## 30112. PEARLEY v. THE STATE.

INGRAM, Justice.

This is an appeal from a conviction in the Superior Court of Muscogee County for the offense of armed robbery for which appellant was sentenced to serve a prison term of 20 years. The trial court denied a motion for new trial.

Three enumerated errors are in issue on this appeal. The first is that the trial judge erred in allowing a witness for the state, Charles Adams, to retestify in the case because he violated the rule of sequestration. Secondly, it is contended that the court erred in not granting a motion for a directed verdict of not guilty; and, finally, that "the district attorney erred throughout the trial in appealing to the emotions and prejudices of the jury." We have examined each of these contentions and find them to be without merit.

The state called Charles Adams as a witness and during the morning session of the trial he identified appellant as one of two men who robbed Webb's grocery store and was the person who "poked" a gun in his side during the robbery. Following his testimony, defense counsel requested the court to keep Mr. Adams available for possible recall to the stand. After a recess of the trial for lunch, the defense placed Ray Cheetum on the stand and he testified that it was he, and not appellant, who robbed the grocery store with another man. In rebuttal, the state called Charles Adams back to the stand and, after looking at the defense witness, Ray Cheetum, testified that Mr. Cheetum was not the man he saw during the robbery.

On cross examination, defense counsel asked the witness Adams, "Did you know before you came back and

took this stand that we had a person who had testified on that stand . . . that he committed the robbery, . . ?" The witness responded in the negative. The witness was then asked by defense counsel if he had been in the witness' quarters since resumption of the trial following the mid-day recess. The witness said no, that he went to the restaurant downstairs for coffee and then subsequently stated he had heard rumors that someone else had committed the robbery rather than appellant. However, the witness persisted in his testimony that appellant was the man he saw engaged in the robbery and not the witness Cheetum called by the defense.

No objection or motion of any kind was made to the court in connection with this witness' testimony. The court was not asked to exercise its discretion in dealing with these circumstances. Code Ann. § 38-1703 provides that a party "shall have the right to have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as practicable and convenient, but no mere irregularity shall exclude the witness." "Whilst this is the rule of law upon this subject, yet it is the practice of the courts, whenever requested to have all the witnesses, both for the state and the accused, called in and sworn, and then instructed to retire beyond the limits of the courtroom, and there remain without communication with anyone as to what may have been sworn in the case, until they are called to the stand themselves to testify." *Rooks v. State,* 65 Ga. 330, 331.

As held in *McWhorter v. State,* 118 Ga. 55 (6) (44 SE 873), "Where a witness who has been put under the rule [of sequestration] remains in the courtroom, he is not thereby rendered incompetent. He might be subject to attachment for contempt; but to exclude him altogether might deprive a party of the only witness by which a fact in issue might be established. *May v. State,* 90 Ga. 800." The trial court has broad discretion to handle these matters and his discretion will not be controlled unless it is manifestly abused. See *Kelly v. State,* 118 Ga. 329 (2) (45 SE 413); and *Best v. State,* 176 Ga. 46 (166 SE 772).

In *Hunter v. State,* 105 Ga. App. 564 (125 SE2d 85), it was held to be error "to permit a witness for the State, who

had remained in the courtroom during the examination of other witnesses after the rule requiring sequestration of witnesses had been invoked, to testify in rebuttal for the State over the timely objection of the defendant." However, no objection was made to the contended irregularity in the present case and we conclude there is no merit in this enumeration of error.

Appellant also contends the trial court erred in not granting a motion for a directed verdict of not guilty. We cannot agree with this contention as the state's witness, Charles Adams, clearly identified appellant as one of the perpetrators of the armed robbery and the evidence is otherwise sufficient to support the conviction. See *Merino v. State,* 230 Ga. 604 (198 SE2d 311).

We have reviewed appellant's remaining enumeration of error that the district attorney erred by appealing throughout the trial to the emotions and prejudices of the jury and find this enumeration to be without merit. The primary bone of contention in this issue grows out of the district attorney's efforts to discredit the testimony of the defense witness, Ray Cheetum, who testified that he and not the appellant committed this armed robbery with another person. This witness was subjected to a vigorous cross examination and the plausibility of his testimony was questioned by the district attorney in closing argument. This was not error, as the case boiled down to whether the jury believed the testimony of the state's witness, Charles Adams, or the testimony of the defense witness, Ray Cheetum, who corroborated the testimony of appellant. The conflict in the evidence rested upon the testimony of these witnesses and their credibility was a matter for the jury. Therefore, a thorough and sifting cross examination of the witnesses, followed by a strong argument to the jury, was an important and appropriate aspect of the trial and did not exceed permissible bounds. See Div. 3 of *Shy v. State,* 234 Ga. 816. Evidently, defense counsel did not consider the cross examination of the witness, Ray Cheetum, and the district attorney's closing argument to be prejudicial during the trial because the transcript shows no motion for mistrial or other relief was made. The trial court could have been requested to take some corrective action if it

were felt that such action was necessary or appropriate. This was not done and our review of the transcript fails to show the trial was infected with prejudice denying appellant a fair trial by an impartial jury. The verdict has the approval of the trial judge who reviewed the case upon hearing and considering a motion for new trial. We find no basis for reversing his judgment for any reason enumerated in this appeal.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 8, 1975 — DECIDED SEPTEMBER 16, 1975 — REHEARING DENIED SEPTEMBER 30, 1975.

*Allison W. Davidson,* for appellant.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.