## 54016. STRIPLING v. GODFREY et al.

SMITH, Judge.

Stripling brought this action against Godfrey and his employer after a pickup truck, owned by the employer and driven by Godfrey, struck and killed Stripling's wife. Judgment was entered on a jury verdict exonerating the defendants, and Stripling appeals contending there were numerous harmful errors in evidentiary rulings and the charge to the jury. We find none and affirm.

The accident occurred at night when Mrs. Stripling was struck while standing or walking on the highway in front of her home. The defendant Godfrey testified that he never saw the deceased prior to striking her. Blood alcohol tests showed that the deceased was intoxicated; an intoximeter test showed that Godfrey was intoxicated. This action by the appellant was based upon the alleged negligence of Godfrey and negligent entrustment of the vehicle to him by his employer.

1. The trial court disallowed the appellant to question Godfrey, on cross examination, about his forfeiture of bond on a previous charge of driving under the influence. This line of inquiry was relevant insofar as it may have indicated the defendant employer was negligent in allowing Godfrey to use the truck. However, exclusion of this evidence could not have been harmful since the president of the defendant employer testified that he knew that he had a record of previous charges of driving under the influence, and he knew that Godfrey had had his license suspended for that offense, but he, nevertheless, hired him and allowed him to drive the truck.

2. Testimony concerning the decedent's habit of drunkenly stepping in front of approaching vehicles on the highway outside her home to flag them down was properly admitted.

First, it was relevant to whether she was contributorily negligent. Generally, evidence of a decedent's negligence in previous, isolated instances is not admissible as bearing on negligence at the time of death. *Pullman Co. v. Schaffner,* 126 Ga. 609 (55 SE 933). Likewise, evidence of negligence in doing certain acts is

not admissible when the decedent was not doing those acts at the time of death. *Ga. Midland & G. R. Co. v. Evans,* 87 Ga. 673 (13 SE 580). And evidence of the decedent's *character* for negligently performing certain acts is not admissible, even when the decedent was performing those acts at the time of death. *Atlanta & W. P. R. Co. v. Smith,* 94 Ga. 107 (3) (20 SE 763). However, evidence of a party's *habitual* carelessness, recklessness, or negligence in performing particular acts would be admissible where death ensued from such acts. *Savannah, F. & W. R. Co. v. Flannagan,* 82 Ga. 579 (9 SE 471). This is such a case. The evidence showed that the decedent repeatedly, while apparently drunk, jumped in front of passing vehicles, and had, the night before her death, nearly been struck when she jumped in the path of an oncoming trac-tor-trailer rig. Evidence showed the decedent was in-toxicated at the time of her death, and that the point of impact was near the centerline of the highway, so the evidence of her hazardous habit was relevant to a factual consideration of whether negligence on her part contributed to her death.

Second, in this wrongful death action the evidence of the deceased's habits was relevant to consideration by the jury of the value of the life. "In arriving at the amount of damages the jury should consider the age of the deceased at the time of his death, his health, his habits, the amount of money he was earning, his expectation of life, the probable loss of employment, voluntary abstinence from work, dullness in business, reduction of wages, increasing infirmities of age, with a corresponding diminution of earning capacity, and other causes which may contribute to illustration of the gross earnings of a lifetime." *Pollard v. Boatwright,* 57 Ga. App. 565, 568 (196 SE 215). The evidence here was relevant, at the least, to a determination of life expectancy.

3. The result of a blood test showing the decedent was intoxicated was properly admitted. Evidence authorized the trial judge to conclude that the blood sample was gathered by the coroner at the direction of the medical examiner, as authorized by Ga. L. 1974, p. 561 (Code Ann. § 21-227), and a sufficient chain of custody from the coroner to the state crime laboratory was

established. See *Campbell v. State,* 136 Ga. App. 338 (3) (221 SE2d 212).

4. One defense attorney asked a witness whether he knew the grand jury "threw out" a manslaughter charge against Godfrey, and the trial court immediately cautioned the jury to disregard entirely what any other individual or group of individuals had concluded about Godfrey's involvement in the accident. The precautionary instruction was sufficient and it was not error to refuse the appellant's motion for a mistrial.

5. It was revealed to the court that a spectator at the trial had conversed with a sequestered witness. After the court had determined that the conversation dealt only with the character of the deceased, the court allowed the witness to testify to any factual information he may have but not to any conclusion or opinion he may have as to the deceased's character. The trial judge has broad discretion in matters of testimony of sequestered witnesses, and the discretion here was clearly not abused and, thus, will not be controlled on appeal. *Pearley v. State,* 235 Ga. 276 (219 SE2d 404).

6. The remaining enumerations of error concerned the charge, which we find to be a correct statement of the laws appropriately adjusted to the evidence in the case.

*Judgment affirmed. Bell, C. J., concurs. McMurray, J., concurs specially.*

ARGUED MAY 23, 1977 — DECIDED OCTOBER 14, 1977 — REHEARING DENIED NOVEMBER 7, 1977 —

*Jack W. Carter, J. Laddie Boatright,* for appellant.
*Long, Denton & Spencer, A. D. Denton, Young, Young, Ellerbee & Clyatt, F. Thomas Young,* for appellees.

McMURRAY, Judge, concurring specially.

I concur fully in the judgment, but not in all that is said in the opinion.

1. For instance, as discussed in Division 1, the trial

court on objection refused to allow the plaintiff on cross examination to question the defendant Godfrey about an alleged bond forfeiture in a case made against him on an accusation of "driving under the influence of intoxicating liquors and drugs." The majority hold that the question was relevant insofar as it may have indicated the defendant employer was negligent in allowing Godfrey to use the truck. However, the majority hold this was harmless since defendant Godfrey's previous record of driving under the influence was known to the defendant employer who testified that he was aware of the defendant Godfrey's driving record, yet he had nevertheless hired him and allowed him to drive. It is well settled in Georgia that a plea of guilty is an admission against interest and can be used in subsequent civil proceedings. *Locklear v. Morgan,* 129 Ga. App. 763 (3) (201 SE2d 163); *Akin v. Randolph Motors, Inc.,* 95 Ga. App. 841 (99 SE2d 358); *Roper v. Scott,* 77 Ga. App. 120 (2) (48 SE2d 118); *Henderson v. Henderson,* 94 Ga. App. 64 (1) (93 SE2d 822). But a plea of nolo contendere cannot be used in another case as an admission of guilt. See *Windsor Forest, Inc. v. Rocker,* 121 Ga. App. 773 (2) (175 SE2d 65). I therefore do not think the evidence was relevant either to show this defendant's propensity for driving and drinking (or drinking and driving) or in proof of the alleged negligent entrustment by the other defendant. Counsel failed to connect up the alleged bond forfeiture so as to show defendant's employee had any knowledge of same so as to reflect upon his ability to drive. I do not agree that this line of inquiry is relevant insofar as it may have indicated the defendant employer was negligent in allowing the defendant Godfrey to use the truck.

2. I agree with the majority's contention that the testimony concerning the decedent's habit of drunkenly stepping in front of approaching vehicles on the highway outside her home was properly admitted as relevant testimony so as to show possible contributory negligence, but I do not agree with the second conclusion that such testimony was relevant for consideration by the jury as to the value of the decedent's life. Apparently the majority is of the opinion that this testimony showed the decedent lived dangerously and had very little value for her life.

However, the rule cited by the majority found in *Pollard v. Boatwright,* 57 Ga. App. 565 (196 SE 215), at p. 569 does not support them for this court therein states that a recovery for the value of the life of the deceased is not the value "to himself if he had lived," but the law permits only the recovery of the gross sum that the deceased would have earned during the remainder of his life had he not been killed, reduced to its present cash value.

After making these two observations with reference to the majority opinion, I concur in the judgment only.