A91A2114. BATTLE et al. v. KOVALSKI.
(414 SE2d 700)

McMURRAY, Presiding Judge.

This is a wrongful death action. The minor son of plaintiffs Battle and Griffin was visiting at the home of defendant Kovalski when he attempted to pick up a log. The decedent fell and the log caused fatal injuries. Plaintiffs' complaint alleged that defendant was negli-

gent in providing their minor son with alcohol and allowing him to move heavy logs. Plaintiffs appeal from a jury verdict and judgment in favor of defendant. *Held*:

1. Plaintiffs contend that the trial court erred in charging the jury on the theory of accident. Following the decision of this court in *Chadwick v. Miller*, 169 Ga. App. 338, 339 (1) (312 SE2d 835), "[t]he defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable*. Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error. [Cits.]" Id. at 344. In the case sub judice, the evidence shows that the decedent was heavily intoxicated at the time of the incident with a blood alcohol level of .27 grams percent as well as the presence of marijuana. There is evidence that when decedent attempted to lift the log, he was struggling with the heavy weight. There is no evidence which suggests that decedent's injury was proximately caused by any unforeseen or unexplained cause. It follows that the incident occurred due to the negligence of the defendant or the contributory negligence of the decedent, or a combination of both. Under these circumstances, it was error to submit the issue of accident to the jury. *Martini v. Nixon*, 185 Ga. App. 328 (2) (364 SE2d 49); *Meacham v. Barber*, 183 Ga. App. 533, 537 (4) (359 SE2d 424); *Concrete Constr. Co. v. City of Atlanta*, 176 Ga. App. 873, 875 (4) (339 SE2d 266).

2. Plaintiffs' fourth enumeration of error contends the trial court erred in refusing to admit evidence which would have shown that, prior to his death, decedent would come over drinking to defendant's home and drink with him an average of six times a month. Generally, evidence of similar acts or omissions is not admissible. However, certain exceptions are recognized where proof of a similar method of acting tends to prove some fact of the case on trial. *Gunthorpe v. Daniels*, 150 Ga. App. 113 (1) (257 SE2d 199). One exception concerns evidence of a party's *habitual* negligence in performing particular acts. *Stripling v. Godfrey*, 143 Ga. App. 742, 743 (2) (240 SE2d 145). Plaintiffs contend that the excluded evidence would show that the defendant *habitually* provided a haven for their son to drink alcoholic beverages. However, a *habit* is a fixed and uniform pattern of conduct such that a witness with no independent recollection of the details of a fact occurring in the course of the routine of his business may testify that he knows what he did was in accordance with the habit. *Feinberg v. Durga*, 189 Ga. App. 733 (377 SE2d 33). The evidence at issue, while perhaps showing that defendant frequently engaged in such conduct, does not provide any indication as to whether such conduct was fixed and uniform so as to be *habitual*. Unlike *habitual* conduct, evidence of a party's *character* for negligently performing cer-

tain acts is not admissible. *Carswell v. State*, 171 Ga. App. 455, 460 (4) (320 SE2d 249). Thus, the exception to the general rule of exclusion of similar transaction evidence relied upon by plaintiffs is not applicable and the trial court did not err in excluding the proffered evidence.

3. The remaining enumerations of error relating to defense counsel's argument to the jury, being unlikely to recur upon retrial of the case sub judice, need not be addressed.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JANUARY 10, 1992.

*Hawk, Hawk & Lyons, Jacque D. Hawk*, for appellants.
*Larry I. Smith*, for appellee.