## A92A2020. LEO v. WILLIAMS.
(428 SE2d 108)

POPE, Chief Judge.

Plaintiff Charles H. Leo was severely injured when his motorcycle collided with a vehicle driven by defendant Brenda Rabun Williams on a highway in Augusta. At trial, the evidence showed defendant made a left turn from the center turn lane across two lanes of approaching traffic into a driveway leading to a business. Defendant testified the approaching traffic was far enough away to permit her to make the turn safely and that she saw no motorcycle approaching her as she commenced the turn. Plaintiff testified defendant made the turn directly in front of him and, though he swerved, he was unable to avoid striking the rear of defendant's vehicle. Witnesses to the accident, however, testified plaintiff passed the vehicle in front of him by speeding between the two cars that were approaching defendant as she made the left turn and plaintiff drove into the rear of defendant's vehicle. The jury returned a verdict for defendant.

Prior to trial, plaintiff brought a motion in limine to prevent defendant from presenting evidence that in the ten months prior to the collision plaintiff had been convicted for two speeding violations on highways which, like the highway on which this collision occurred, were within a city limit and evidence of a traffic violation for passing cars between lanes of traffic. The trial court denied plaintiff's motion

in limine and overruled plaintiff's objection when he was cross-examined concerning these violations. Plaintiff appeals, arguing the trial court erred in permitting the evidence of his previous traffic violations to be presented. We agree.

"It is a general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible." *Cox v. Norris*, 70 Ga. App. 580, 583 (1) (28 SE2d 888) (1944). "[A party's] negligence or lack of negligence on [the] occasion [at issue in the complaint] could be proved only by the facts of the event and not by evidence of his prior driving record or of his general character for carelessness or recklessness in driving. [Cits.] Evidence of [a party's] similar acts or omissions on other and different occasions is not admissible. [Cits.] It is not probative of the issue at hand and there is a substantial likelihood that the [party's] criminal record of prior or subsequent offenses may prejudice the jury against him as to the question of liability in the particular case." *Whidby v. Columbine Carrier*, 182 Ga. App. 638, 639 (356 SE2d 709) (1987). " 'It is settled by the decisions of the Supreme Court and of this court that as to . . . the driver, proof of his poor driving record, or of his general character for carelessness or recklessness in driving, is impermissible . . . Nor is it permissible to show particular instances of negligence on other occasions . . . The [opposing party] should not be permitted to . . . influence the jury to find against the driver on account of some negligent act which he may have committed at a prior time, on another occasion, in a different situation and with other parties.' [Cit.]" *Chupp v. Henderson*, 134 Ga. App. 808, 811 (2) (216 SE2d 366) (1975). Accord *Gahring v. Barron*, 108 Ga. App. 530 (2) (133 SE2d 389) (1963); *Grannemann v. Salley*, 95 Ga. App. 778 (1) (99 SE2d 338) (1957).

We reject defendant's argument that the evidence at issue in this case is admissible to show habit because plaintiff, himself, testified concerning these traffic violations on cross-examination. The purpose of permitting a witness to testify concerning his fixed and uniform habit of acting in a certain situation is to provide evidence that the witness acted in accordance with that habit in a situation concerning which he has no independent recollection. See, e.g., *Leonard v. Mixon*, 96 Ga. 239 (23 SE 80) (1895). Clearly, this was not the purpose for which plaintiff's cross-examination testimony was elicited by defendant. Defendant presented plaintiff's admissions concerning particular instances of negligence on other occasions in an improper attempt to establish plaintiff's general character for carelessness and recklessness in driving. Even the plaintiff's own testimony on cross-examination may not be used "to nullify the long established rule of practice shown above that negligence cases arising from automobile collisions are tried only on the negligence or non-negligence of the

operators at the time and place involved in the controversy." *Grannemann v. Salley*, 95 Ga. App. at 779.

Those cases cited by defendant in which evidence of the fixed and uniform habit of a deceased person in a particular situation has been ruled admissible to establish what the person was doing at the time of death are inapposite. See, e.g., *Carswell v. State*, 171 Ga. App. 455, 459 (4) (320 SE2d 249) (1984), disapproved on other grounds, *Adcock v. State*, 260 Ga. 302 (392 SE2d 886) (1990); *Sams v. Gay*, 161 Ga. App. 31, 32 (1) (288 SE2d 822) (1982); *Stripling v. Godfrey*, 143 Ga. App. 742 (2) (240 SE2d 145) (1977). In such cases, unlike the case at hand, the actor is unavailable to testify concerning his behavior at the time of the incident on which the lawsuit arose. Moreover, in each of the cited cases, the evidence concerned the deceased party's uniform habit in performing a particular act in a particular setting or situation. See *Carswell v. State*, supra (in which evidence of a decedent's fixed and uniform habit of exiting his place of business in a certain direction and manner was admissible in a criminal prosecution for the decedent's death); *Sams v. Gay*, supra (in which evidence was admitted that the decedent, who was intoxicated at the time he died in a fire at his home, habitually chain-smoked while drinking and on many occasions had passed out with a cigarette in his hand and burned holes in the furniture); *Stripling v. Godfrey*, supra (in which evidence was admitted to show the decedent, who was intoxicated and struck by a car in front of her home, had a habit of drunkenly stepping in front of approaching vehicles on the highway in front of her home). By contrast, the evidence at issue in this case concerned isolated instances of plaintiff's driving at different times and places. Evidence extending only to two or three instances of negligent conduct is inadmissible to show habitual negligence. *East Tenn. &c. R. Co. v. Kane*, 92 Ga. 187 (4) (18 SE 18) (1893). The evidence did not show that plaintiff had a fixed and uniform habit of speeding or weaving between cars. Thus, the evidence was not probative of whether his own negligence was the proximate cause of the collision at issue in this case and should not have been admitted due to its potential for prejudice. See *Whidby v. Columbine Carrier*, 182 Ga. App. at 638.

We also reject defendant's argument that the evidence of plaintiff's habitual carelessness or recklessness was relevant and admissible to the issue of damages because it related to plaintiff's life expectancy and therefore was relevant to the calculation of his allegedly diminished earning capacity. The record shows defendant presented the evidence only on the issue of plaintiff's alleged contributory negligence and causation. Moreover, even if the evidence was relevant to the issue of damages, the proper procedure to avoid prejudice to the plaintiff on the issue of liability is a separate trial on the issue of damages after liability has been decided. See *Chupp v. Henderson*, 134 Ga.

App. 808. We also reject defendant's argument that the admission of plaintiff's testimony on cross-examination concerning his prior driving record was at most harmless error because plaintiff failed to object to portions of the cross-examination or to the testimony of plaintiff's mother that she was aware of his traffic violations. Plaintiff filed a motion in limine in an attempt to preclude reference to his driving record and even though the trial court denied his motion he again raised an objection when defendant's attorney commenced his cross-examination concerning that record. Thus, plaintiff adequately preserved his objection to the evidence at issue in this appeal. "[W]here a motion in limine to exclude certain evidence is denied, the movant need not renew his objection when the disputed evidence is offered at trial, in order to preserve the movant's right to appeal the denial of the motion." *Reno v. Reno*, 249 Ga. 855 (1) (295 SE2d 94) (1982). See also *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284 (1) (260 SE2d 20) (1979).

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

Decided February 10, 1993.

*Fleming & Blanchard, Danny L. Durham, Richard A. Ingram, Jr., Charles R. Sheppard*, for appellant.

*Dye, Tucker, Everitt, Wheale & Long, Duncan D. Wheale*, for appellee.