A93A1877. GARNER v. VICTORY EXPRESS, INC.
(436 SE2d 521)

BLACKBURN, Judge.

This action arose out of a motor vehicle collision on November 29, 1990, when the van driven by the plaintiff-appellant, Kenneth Garner, struck the rear of a tractor-trailer owned by the defendant-appellee, Victory Express, Inc. At the time of the collision, the tractor-trailer was stopped, partly in the left turn lane and partly in the left traffic lane, awaiting to make a left turn.

Following trial in the matter, the jury returned a verdict in favor of Victory Express. On appeal, Garner contends that during closing argument, the trial court erred in overruling his objection to defense counsel's reference to the lack of any evidence that the driver of the tractor-trailer rig was unsafe or careless.

Generally, a plaintiff may not prove a defendant's negligence by his prior driving record or his general character for carelessness or recklessness in driving. *Whidby v. Columbine Carrier*, 182 Ga. App. 638 (356 SE2d 709) (1987). In the instant case, when defense counsel referred to the absence of any evidence that the driver was unsafe or

careless, Garner objected on the grounds that inasmuch as he could not adduce evidence on that issue, the defendant should not be allowed to remark on the absence of such. However, regardless of the merits of Garner's argument, we find that he failed to invoke a reviewable ruling by the trial court on this issue by not specifying what action he wanted the trial court to take at the time of the objection.

In objecting to improper closing argument to the jury, it is "incumbent on the objecting counsel to make known to the court 'the action which he desires the court to take.' In this type case, the available actions by the court are the granting of the following forms of relief: (1) an instruction or admonition to the jury to disregard the improper argument; or, if this is deemed inadequate to remove the harmful effect, (2) instruction or admonition of the jury plus a reprimand or rebuke of offending counsel; or, as a last resort, (3) mistrial. Although counsel made known his objection to the argument and the grounds therefor *prior* to the court's ruling thereon, he failed to specify what form of relief he desired in seeking the ruling, hence failed to invoke a reviewable ruling." *Seaboard Coast Line R. Co. v. Wallace*, 227 Ga. 363, 365 (180 SE2d 743) (1971).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 24, 1993 —
RECONSIDERATION DENIED OCTOBER 6, 1993 ▮

*William J. Mason*, for appellant.
*Self, Mullins & Robinson, Ronald W. Self*, for appellee.