## A93A1877. GARNER v. VICTORY EXPRESS, INC.
### (448 SE2d 719)

BLACKBURN, Judge.

This is the second appearance of this case before us. In *Garner v. Victory Express,* 210 Ga. App. 481, 482 (436 SE2d 521) (1993), we determined that plaintiff-appellant, Kenneth Garner, failed to properly object to and request relief from defendant, Victory Express' improper closing argument. However, in *Garner v. Victory Express,* 264 Ga. 171 (442 SE2d 455) (1994), the Georgia Supreme Court overruled *Seaboard Coast Line R. Co. v. Wallace,* 227 Ga. 363 (180 SE2d 743) (1971), upon which we based our earlier decision in this case. Thereafter, the Supreme Court remanded this case for our consideration of the merits. Id.

This action arose out of a motor vehicle collision in which the van driven by Garner struck the rear of a tractor-trailer owned by Victory Express. At the time of the collision, the tractor-trailer was stopped, partly in the left turn lane and partly in the left traffic lane, waiting to make a left turn. During Victory Express' closing argument, counsel referred to the lack of any evidence that the driver of the tractor-trailer rig was not qualified as a safe, careful, and prudent driver. On appeal, Garner contends the trial court erred in overruling his objection to defense counsel's reference.

"A party's negligence or lack of negligence on the occasion at issue in the complaint could be proved only by the facts of the event and not by evidence of his prior driving record or of his general character for carelessness or recklessness in driving. Evidence of a party's similar acts or omissions on other and different occasions is not admissible. It is not probative of the issue at hand and there is a *substantial likelihood* that the party's criminal record of prior or subsequent offenses *may prejudice the jury* against him as to the question of liability in the particular case. It is settled by the decisions of the Supreme Court and of this court that as to the driver, proof of his poor driving record, or of his general character for carelessness or recklessness in driving, is impermissible." (Citations and punctuation omitted.) (Emphasis supplied.) *Leo v. Williams,* 207 Ga. App. 321, 322 (428 SE2d 108) (1993).

In the present case, Victory Express' counsel argued "[plaintiff's counsel] asked questions of [the driver] about the fact that he'd only been driving for Victory Express one week, after working approximately one year, and asked questions about a certain type of driver's license that was just brought in this last year. I would submit there's

some missing evidence there. If there was any question that [the driver] was not qualified to drive that vehicle, that [the driver] was not qualified as a safe and careful and prudent driver, there would have been evidence there. There would have been evidence —." At this point, Garner's counsel objected to defense counsel's reference to the inadmissible driving record of the driver.

As we have previously determined that the introduction of the driver's past driving record is reversible error, see *Leo, supra,* we must also find the defendant's argument that the lack of such evidence in some way supports its position that the driver was safe and prudent, is also reversible error. There is a substantial likelihood that such an argument may prejudice the jury unfairly. The trial court erred in denying Garner's motion for new trial.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 26, 1994 —
RECONSIDERATION DENIED SEPTEMBER 16, 1994.

*William J. Mason,* for appellant.
*Self, Mullins, Robinson & Marchetti, Ronald W. Self, M. Peterson Robinson,* for appellee.

