A07A0446. PURCELL v. KELLEY et al.
(648 SE2d 454)

PHIPPS, Judge.

Shirley Kelley and GDA Motor Coach, Inc. sued David Purcell, as personal representative and/or next friend and/or administrator of the estate of Clyde Turner, for injuries and damages sustained in a collision between a charter bus driven by Kelley and a pickup truck driven by Turner. The jury found in favor of Kelley and GDA, and Purcell moved for a new trial. The trial court denied Purcell's motion, and he appeals that order. Purcell claims that the trial court erred by allowing the investigating police officer to give "expert" testimony about the color of the traffic light and by allowing testimony about Kelley's character and driving habits. We conclude that the officer's testimony was improper and that its admission was harmful. Thus, we reverse the trial court's denial of Purcell's motion for new trial.

On October 17, 2003, Kelley was driving a bus owned by GDA, her employer, to pick up a college sports team. Kelley testified that she was traveling on Glenwood Avenue in the right-hand lane, approaching the intersection of Glenwood and East Lake Boulevard, and that her traffic light was green. As she entered the intersection, she saw a truck "come across." She applied her brakes, but was not able to avoid a collision with the truck driven by Turner.

Connell Johnson was driving on Glenwood at the same time and saw Turner's truck travel on East Lake through a red light and collide with the bus. After the bus and truck collided, Turner's truck crashed into Johnson's truck. Johnson testified that as he was driving on Glenwood toward the intersection, his traffic light was green. Johnson's wife was in the truck with him, and she also testified that the traffic light was green for traffic on Glenwood.

Benjamin Maolud testified that he was walking down Glenwood and saw a white truck stopped on East Lake. He then saw the truck proceed into the intersection. He saw a bus pass him at a low rate of speed and then heard the bus hit the truck. After he saw the truck "fly across the street," he looked up and saw that the traffic light was red for Glenwood.

Officer D. P. Kelly was qualified as an expert in accident investigation and reconstruction. As the lead investigator of the October 17 collision, he directed that photographs be taken, obtained witness

statements, and wrote a report. According to his report, Kelley and Connell Johnson told him that the light was green for Glenwood traffic. His report indicated that Maolud had not seen the accident but heard it, and when Maolud looked at the traffic light following the collision, it was red for Glenwood traffic. After conducting the investigation, he concluded that Turner had a red light.

1. Purcell claims that the trial court erred by allowing Officer Kelly to testify about the color of the traffic light. He argues that this constituted expert opinion as to the ultimate issue and invaded the province of the jury.

The issue here is not whether the expert opinion would invade the province of the jury, but whether the subject is a proper one for opinion testimony.[1] "Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the layman."[2] Officer Kelly testified that, based on the witness statements, he concluded that the light was red for Turner. The jury heard testimony from all of the witnesses interviewed by Officer Kelly. Whether the light was red for Turner is a question that average jurors should be able to answer for themselves and was not a proper subject for expert testimony.[3]

This is not a case where the investigating officer's opinion was based on an examination of the physical evidence, such as skid marks, distances, and the positions of and damage to the involved vehicles.[4] Nor was his opinion based on his diagraming the scene or checking the traffic signals to make sure they were working properly.[5] Rather, his testimony was based solely on the witness statements taken at the scene. Under the circumstances, the trial court erred by allowing Officer Kelly's opinion over Purcell's objection.[6]

We cannot conclude that the erroneous admission of Officer Kelly's opinion did not contribute to the verdict, and thus does not require reversal.[7] Because the color of the traffic light was the determining factor for assessing negligence, Officer Kelly's expert

---

[1] *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385, 392 (3) (414 SE2d 521) (1991).

[2] Id. (citation and punctuation omitted).

[3] See *McMichen v. Moattar*, 221 Ga. App. 230, 231 (1) (470 SE2d 800) (1996); *Emory v. Dobson*, 206 Ga. App. 482, 484 (426 SE2d 50) (1992); see also *Strickland v. Stubbs*, 218 Ga. App. 279, 281 (4) (459 SE2d 473) (1995) (testimony from investigating officer regarding who ran red light would violate restrictions expressed in *Emory*).

[4] See *Massee v. State Farm &c. Ins. Co.*, 128 Ga. App. 439, 444 (3) (197 SE2d 459) (1973).

[5] See *Bennett v. Mullally*, 263 Ga. App. 215, 218-219 (2) (587 SE2d 385) (2003) (physical precedent).

[6] See *McMichen*, supra.

[7] See *Johnson v. Knebel*, 267 Ga. 853, 859 (4) (485 SE2d 451) (1997).

opinion on this issue likely influenced the jury's verdict. Therefore, we must reverse and remand for a new trial.[8]

2. Purcell claims that the trial court erred by allowing GDA's owner to testify about Kelley's character and driving habits. The following testimony is at issue:

> KELLEY'S COUNSEL: [W]hat do you recall about Ms. Kelley's employment with GDA Motor Coach?
> GDA'S OWNER: [As of October 17], she had been with us for a little over a year. Very good employee, always on time, very courteous, a lot of repeat customers would request her, very good attitude. Never complained about things. Always a model employee. A very safe driver.

At that point, Purcell's counsel objected that Kelley's character and prior driving history were not relevant, but the trial court overruled the objection. Kelley's counsel was then able to elicit testimony that GDA's owner relied on Kelley as a driver and did not have concerns about sending her on almost any charter.

"It is a general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible."[9] A party's negligence or lack of negligence on the occasion at issue can be "proved only by the facts of the event and not by evidence of [her] prior driving record or of [her] general character for carelessness or recklessness in driving."[10] Thus, proof of a poor driving record or of a driver's general character for carelessness or recklessness in driving is not admissible to show negligence.[11] Similarly, proof of a good driving record or of a driver's general character for carefulness in driving would be inadmissible to show lack of negligence. Evidence portraying Kelley's good driving record or carefulness in driving, therefore, should not be admitted on retrial.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 25, 2007.

*Groth & Makarenko, Paul L. Groth*, for appellant.
*Millar & Mixon, Bruce R. Millar, Daniel S. Digby*, for appellees.

---

[8] See id.
[9] *Leo v. Williams*, 207 Ga. App. 321, 322 (428 SE2d 108) (1993) (citation and punctuation omitted).
[10] Id. (citation and punctuation omitted).
[11] See id.