## 43869. HORTON v. THE STATE.

WHITMAN, Judge. 1. "On a review of the denial of a motion for new trial on the general grounds, the appellate courts decide only whether the verdict is supported by any evidence." *Wells v. State,* 110 Ga. App. 507 (1) (139 SE2d 151).

2. In this case the appellant was convicted of involuntary manslaughter. The indictment against him charged that he did unlawfully "operate a motor vehicle on and over the public road and highway leading from Irwinton, Ga., to Dublin, Ga., known as U. S. Route 441, at a rate of speed greater than allowed by law, to wit: 70 miles per hour in a 50 miles per hour zone, and did attempt to pass the vehicles operated in the same direction by one Malon Graham and Gladys E. Taylor, and the said Gladys E. Taylor was then and there properly making a left turn from said highway after having given proper signals, and while in the commission of said unlawful acts, without any intention to do so, killed one Gladys E. Taylor, a human being, who was then and there an occupant in the vehicle being struck by said Horton vehicle then and there on said highway, said wounds having been inflicted by the said Benjamin H. Horton operating said vehicle into and against the vehicle then and there operated by Gladys E. Taylor."

It is appellant's contention that the evidence relied upon by the State to show excessive speed as charged in the indictment was the opinion evidence of the three witnesses who were standing back up the highway about 1,000 feet at night (the collision occurred shortly after midnight).

Each of the three witnesses stated that they were standing at the place from which the defendant had departed in his car and had observed his car from there to the point of the collision, and that he was "gearing it," "getting it," "making it holler" and "the tires were squalling." They stated that the highway was straight; that there were some trees between them and the highway, but they could see the tail lights and hear the noises they described; and that they were watching appellant's car when the collision happened. They all testified that they were accustomed to the speed of an automobile from their own experience in driving and from observing other people drive. They all estimated that appellant had reached a speed of 70 to 75 miles per hour.

The appellant and a passenger in his car testified that they were going between 40 and 45 miles per hour and had not exceeded the speed limit.

3. A layman's opinion of speed is admissible in evidence when he has testified as to the facts upon which the opinion is based. The weight and consideration to be given such evidence is for the jury. *Presley v. Griffith,* 112 Ga. App. 377 (145 SE2d 384); *Eastern Dehydrating Co. v. Brown,* 112 Ga. App. 349, 351 (4) (145 SE2d 274); *Cobb v. Coleman,* 94 Ga. App. 86, 90 (2) (93 SE2d 801). There was evidence that appellant was speeding and there was evidence that he was not. It was for the jury to resolve the conflict. There is evidence in the record to support the conclusion they reached. Therefore, the trial court did not err in denying the motion for new trial on the general grounds.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED SEPTEMBER 3, 1968—DECIDED JANUARY 15, 1969.

*Milton F. Gardner, James E. Peugh,* for appellant.
*George D. Lawrence, Solicitor General,* for appellee.