## 65559. PEREZ v. MALHENZIE.

BANKE, Judge.

The plaintiff brought this action to recover for injuries which she allegedly sustained when a bicycle she was riding collided with the defendant's automobile at an intersection. She appeals the denial of her motion for new trial following a jury verdict in favor of the defendant. *Held:*

1. The plaintiff's initial contention is that the trial court erred in allowing the officer who investigated the accident to testify that she failed to stop at a stop sign before entering the intersection. The officer arrived at the scene after the collision occurred and consequently was not a witness to it. However, over objection, he was allowed to testify that he had concluded from information supplied to

him by three witnesses present at the scene that the plaintiff had failed to obey the stop sign. It does not appear that the statements made by the three witnesses were spontaneous utterances or that they were otherwise admissible under any exception to the hearsay rule. "A police officer who investigates an accident . . . cannot base his opinion as to the manner ·in which the accident occurred upon hearsay statements which he receives during his investigation unless they are part of the res gestae. *Augusta Coach Co. v. Lee,* 115 Ga. App. 511 (154 SE2d 689) (1967); *Calhoun v. Chappell,* 117 Ga. App. 865 (162 SE2d 300) (1968)." *Avant Trucking Co. v. Stallion,* 159 Ga. App. 198, 200 (283 SE2d 7) (1981). It follows that the trial court erred in admitting the officer's testimony.

2. After the verdict, it was discovered that two of the jurors had visited the scene of the collision during a recess in the trial. In view of the fact that reversal is required for the reason discussed in Division 1, supra, we need not address this enumeration of error. We note, however, that both the collision and the trial took place in Hinesville, Georgia, and that the jurors were not cautioned concerning visits to the nearby scene. We assume that such instructions will be given upon any retrial of the case.

3. The remaining enumerations of error have been considered and are determined to be without merit.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 1, 1983 —
REHEARING DENIED FEBRUARY 23, 1983 —

*John E. Pirkle,* for appellant.
*James M. Thomas, Wayne S. Racz,* for appellee.