74849. MARTIN et al. v. CHICAGO INSURANCE COMPANY.
(361 SE2d 835)

BANKE, Presiding Judge.

At issue in this appeal is the enforceability of a contractual provision appearing in a policy of motor vehicle liability insurance purporting to exclude coverage for "any person . . . [w]ho intentionally causes bodily injury or property damage."

The appellants, Anita Martin and Valerie Acree, were injured when Vanessa Moulder, driving an automobile insured by the appellee, intentionally ran into them as they were standing on a sidewalk outside a nightclub. The appellants had previously been socializing inside the nightclub with two other women. Ms. Moulder had later arrived and involved herself in an argument with one of the two companions, Felicia McCommons. During the course of this argument, all five women left the nightclub and went into the parking lot. At some point, the club's security guard instructed Ms. Moulder and perhaps one or more of the other women to leave the premises, whereupon Ms. Moulder got into the insured vehicle and rammed it into the two appellants as they were standing on the curb in the company of Ms. McCommons. Although Ms. McCommons was the apparent object of the assault, she escaped injury, while each of the appellants suffered a broken leg.

The appellee insurer compensated the appellants for their medical expenses and lost wages pursuant to the personal injury protection ("no-fault") provisions of the insurance policy but declined to acknowledge any further liability based on the policy exclusion at issue. In response to a personal injury action brought against Ms. Moulder by the appellants, the company filed the present action to obtain a

declaratory judgment sanctioning its reliance on the policy exclusion and relieving it of any responsibility for defending Ms. Moulder in the personal injury action.

The issue of whether Ms. Moulder inflicted the injuries accidentally or intentionally was tried before a jury, which determined by special interrogatory verdict that her conduct had been intentional. Based on this verdict, the trial court granted the declaratory relief sought by the appellee, ruling that the policy did not cover the appellants' injuries and that the appellee had no further obligation or duty to defend the personal injury action. This appeal followed. *Held*:

The Georgia Supreme Court has declared that it "is the public policy of our state, enunciated in the advent of compulsory motor vehicle liability insurance[,] that innocent persons who are injured should have an adequate recourse for the recovery of their damages." *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556, 557 (307 SE2d 499) (1983). In *Anderson*, the Court ruled, in furtherance of this policy, that an exclusion pertaining to "any racing event, speed contest or exhibition" would not operate to exclude coverage for injuries sustained in an impromptu "drag race." Similarly, the Supreme Court held in *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985), that, to the extent of the minimum liability coverage mandated by our compulsory insurance law, an exclusion pertaining to injuries resulting from the use of an automobile "while attempting to avoid apprehension or arrest" was unenforceable against an innocent motorist injured by an insured driver during the course of a police chase. See also *Twyman v. Robinson*, 255 Ga. 711 (342 SE2d 313) (1986) (extending to self-insurers the uninsured motorist coverage requirements applicable to motor vehicle liability insurers); *Young v. Allstate Ins. Co.*, 248 Ga. 350 (282 SE2d 115) (1981) (holding that the failure of an assigned-risk insured to comply with a notice requirement contained in his policy would not operate to relieve the insurer from liability to an injured third party).

By its express terms, the statute setting forth the minimum coverages required to be contained in policies of motor vehicle liability insurance issued or delivered in this state neither prohibits nor permits the exclusion of coverage for damages resulting from intentional misconduct on the part of the insured. See OCGA § 33-7-11 (a) (1) (A). However, the minimum coverage requirements set forth in this Code section are expressed in terms of the word "accident," a term which is defined by the Motor Vehicle Safety Responsibility Act (OCGA § 40-9-1 et seq.), where it is used in a virtually identical context, to mean the "involvement of a motor vehicle in any manner in which any person is killed or injured." OCGA § 40-9-2 (1). We can discern no reason why this same definition, which quite clearly encompasses intentional as well as unintentional injuries, should not be

applied to the construction of the word "accident" as it appears in OCGA § 33-7-11 (a) (1) (A). Indeed, this court has previously held that "whether or not . . . an occurrence is accidental [within the contemplation of a policy of motor vehicle accident insurance] must be decided by viewing it through the eyes of the victim, and if as to the latter it is unforeseen and not caused by his own misconduct, it is, although an intentional assault, accidental as to him. [Cits.]" *Amer. Protection Ins. Co. v. Parker*, 150 Ga. App. 732 (3) (a) (258 SE2d 540) (1979). Accord *Ga. Farm &c. Ins. Co. v. Burnett*, 167 Ga. App. 480, 481-482 (306 SE2d 734) (1983).

In furtherance of this state's public policy, as announced by the Supreme Court, of according to innocent persons injured in motor vehicle accidents adequate recourse for their injuries, we hold that the word "accident," as used in our compulsory motor vehicle liability insurance statute, encompasses intentional as well as unintentional injuries inflicted upon innocent persons by drivers whose liability would otherwise be covered by the policy. We consequently hold that to the extent of the minimum liability coverages mandated by OCGA § 33-7-11 (a), the policy exclusion at issue in the present case is unenforceable with respect to the injuries for which the appellants seek to recover.

*Judgment reversed. Carley and Benham, JJ., concur.*

### ON MOTION FOR REHEARING.

On motion for rehearing, the appellee insurer argues that we have erroneously assumed as a matter of law that the appellants were "innocent victims" of the assault, notwithstanding the presence of "a factual dispute as to whether appellants were actively involved in the ruction at the nightclub which immediately proceeded (sic) the incident and thus encouraged Vanessa Moulder in acting the way she did."

Our holding in this case is that an injury resulting from an intentional assault with a motor vehicle will be considered "accidental" from the standpoint of the injured person provided the injury was "not caused by his own misconduct." *Amer. Protection Ins. Co. v. Parker*, supra, 150 Ga. App. at 733. The proposition that by quarreling with Ms. Moulder, the appellants "caused" her to assault them with her automobile is not one which we are prepared to entertain seriously. By such reasoning, any victim of an aggravated assault who had previously quarreled with the perpetrator could be considered a party to the offense.

We reject the appellee's contention that our holding in the present case is inconsistent with Division 3 of the Supreme Court's decision in *Cotton States Mut. Ins. Co. v. Neese*, supra. It was held

there that the injured passengers of a vehicle which had been involved in a collision while its driver was attempting to elude a state patrolman would be entitled to recover insurance benefits if they were innocent victims, but not if they were "willing participants" in the chase. The appellants in the present case were obviously not "willing participants" in the use of the automobile which gave rise to their injuries.

The motion for rehearing is denied.

DECIDED SEPTEMBER 11, 1987 —
REHEARING DENIED OCTOBER 6, 1987 — 

*David G. King, Patricia H. Sinback*, for appellants.
*Michael J. Gorby*, for appellee.