A97A1980. GAITHER et al. v. STATE FARM FIRE & CASUALTY COMPANY.
(494 SE2d 27)

ANDREWS, Chief Judge.

In this declaratory judgment action, the trial court held that Andrew Henderson was not a "permissive driver" of a van belonging to his mother, Hattie Mae Henderson, and insured by State Farm Fire & Casualty Company (State Farm). The court granted summary judgment to State Farm and ruled the insurer had no duty to provide coverage for claims against Andrew arising from his use of the van intentionally to kill Cynthia Gaither, his children's mother. Cynthia's administrator, Amma Gaither, sued Andrew and Hattie Mae for

wrongful death.[1] The court found that although questions of fact existed as to whether Hattie Mae gave Andrew permission to use the van, his use of the van as a weapon exceeded the scope of that permission and excluded him from the policy's definition of an insured. For reasons which follow, we must reverse.

We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the party opposing the grant of summary judgment to determine whether the existence of a genuine issue of fact prevented the court from granting judgment as a matter of law. See *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996). Hattie Mae Henderson's van was insured by a State Farm policy which defined "insured" to include "any other person while using [the van] if its use is within the scope of consent of [Hattie Mae]." Such clauses are enforceable and are not against public policy. See *Massachusetts Bay Ins. Co. v. Wooten*, 215 Ga. App. 386, 387 (1) (450 SE2d 857) (1994). The use of a vehicle is not permissive when it "is being driven at a time or a place or for a purpose not authorized by the insured." (Citation and punctuation omitted.) *Select Ins. Co. v. Register*, 192 Ga. App. 145, 147 (384 SE2d 238) (1989).

Andrew apparently had a history of drug or alcohol abuse. On the day in question, Hattie Mae drove Cynthia in the van to Andrew's house. As the women arrived and exited the van, Andrew told Cynthia to go across the street and retrieve her mail from a neighbor. He told his mother to leave the van running, as he wanted to check the "fluids." When Cynthia walked across the neighbor's yard, Andrew jumped in the van, drove across the street and through a fence, and ran over Cynthia in the neighbor's yard. He continued a short distance down the street, turned around, returned, and ran over her again. Cynthia died from Andrew's repeated violent attacks with the van. He later pleaded guilty to felony murder, with aggravated assault as the underlying felony.

The trial court found, and the record reflects, that Hattie Mae gave conflicting testimony regarding whether Andrew had permission to drive the van. In her deposition she testified that she had stopped allowing Andrew to use the van because he had stolen it and tried to sell it and that she did not know he was going to drive it away. At other places in her deposition, however, Hattie Mae states that Andrew had permission to use the van that day, that when he drove off with it he told her he was doing so "for the purpose of doing something with the oil or belts or hoses," and that although she did

---

[1] Gaither's suit claims Hattie Mae negligently entrusted the van to Andrew, an issue not material to this declaratory judgment action.

not know he was going to drive it, it was permissible for him to do so. Because Hattie Mae is not a party to the declaratory judgment action, her conflicting testimony on the issue of permission may not be construed against her. *English v. Crenshaw Supply Co.*, 193 Ga. App. 354, 359 (2) (387 SE2d 628) (1989). The trial court correctly concluded that genuine issues of fact remain regarding whether Hattie Mae gave Andrew permission to drive the van he used to kill Cynthia.[2]

The court went on to determine, however, that Andrew exceeded the scope of permission as a matter of law when he used the vehicle as a weapon to murder his wife. Given the conflicting evidence before the trial court, that conclusion was error. The circumstances of this violent attack and Andrew's plea of guilty but mentally ill to an intentional, malicious crime established that he intended to inflict injury. Gaither has produced no evidence to rebut that conclusion. See *Merritt v. State Farm &c. Co.*, 218 Ga. App. 652, 653 (463 SE2d 42) (1995); *State Farm &c. Co. v. Moss*, 212 Ga. App. 326, 327-328 (441 SE2d 809) (1994); OCGA §§ 16-5-1 (b); 16-5-21 (a). But the fact that Andrew intended harm is not determinative. The policy apparently insures claims arising from both accidental and intentional injury by vehicle. See *Martin v. Chicago Ins. Co.*, 184 Ga. App. 472, 474 (361 SE2d 835) (1987).[3] Moreover, the Supreme Court has determined that a permissive "use" of a vehicle is the use of a vehicle for a purpose not prohibited by the owner and "cannot reasonably relate to the particular manner of its operation. At most it could relate only to whether or not permission to operate the vehicle had been given." *Strickland v. Ga. Cas. &c. Co.*, 224 Ga. 487, 490 (2) (162 SE2d 421) (1968). As the court there stated, "if the named insured permitted the use of the vehicle and at the same time prohibited its negligent or unlawful operation, it would defeat the very purpose of the policy." Id. Therefore, the fact that Andrew intentionally drove the vehicle into Cynthia does not *require* the conclusion that he acted outside the scope of permission.

Hattie Mae Henderson's vague and contradictory testimony could potentially allow a jury to conclude she placed no limits on Andrew Henderson's use of the van. The parties have produced no testimony from Andrew indicating whether or not he had permission

---

[2] In its brief, State Farm also references a transcript of Hattie Mae Henderson's statement to an investigating police officer, which she made seven days after the incident. Although her statements to the officer are not material to our decision, we note that this transcript, though sworn to by the officer as accurate, is pure hearsay. Hattie Mae is not a party to this case, and her statement does not appear to be part of the res gestae. See *Perez v. Malhenzie*, 165 Ga. App. 520, 521 (1) (300 SE2d 226) (1983).

[3] Neither party has pointed to any "intentional acts exclusion" contained in the policy language. Compare *Martin*, supra.

to use the vehicle. Therefore, a jury must determine whether, at the time of the injury, he was using the vehicle "within the scope of consent" granted by Hattie Mae. Compare *Register*, supra (employer specifically forbade personal use of vehicle); *Barfield v. Royal Ins. Co. of America*, 228 Ga. App. 841 (___ SE2d ___) (1997) (employer expressly forbade use of truck after consumption of alcoholic beverages).

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 27, 1997 —
RECONSIDERATION DENIED NOVEMBER 13, 1997 — 

*Richard E. Stark*, for appellants.

*Fortson, Bentley & Griffin, J. Edward Allen, Jr., Blasingame, Burch, Garrard, Bryant & Ashley, Andrew J. Hill III, Milton F. Eisenberg II, William S. Cowsert*, for appellee.