A07A1676. FORTNER et al. v. TOWN OF REGISTER.
(657 SE2d 620)

MIKELL, Judge.
After Leon E. Fortner was killed when the tractor-trailer he was driving collided with a train operated by an employee of Ogeechee Railway at a railroad crossing in the Town of Register, his widow, Sheila M. Fortner, brought this negligence action against the Railway and Register. Following interim appeals,[1] the case proceeded to trial, and the jury returned a defense verdict. Sheila Fortner appeals,

---

[6] OCGA § 24-9-67.1 (d).
[7] See *Bailey v. Edmundson*, 280 Ga. 528, 533 (5) (630 SE2d 396) (2006); *Ambling Mgmt. Co. v. Purdy*, 283 Ga. App. 21, 26-27 (2) (640 SE2d 620) (2006).
[8] *Purdy*, supra at 27.
[9] (Citations omitted.) *Edmundson*, supra.
[1] In *Fortner v. Town of Register*, 278 Ga. 625 (604 SE2d 175) (2004), the Supreme Court of Georgia reversed the judgment of this Court in *Town of Register v. Fortner*, 262 Ga. App. 507 (586 SE2d 54) (2003). On remand following the decision of the Supreme Court, this Court affirmed the trial court's denial of summary judgment to defendants. *Town of Register v. Fortner*, 274 Ga. App. 586, 588 (1), (2) (618 SE2d 26) (2005).

asserting that the trial court erred in admitting opinion testimony from two expert witnesses. For the reasons set forth below, we affirm the judgment.[2]

According to testimony adduced at trial, the train crossing in Register at Main Street was marked with a stop sign (located thirteen feet four inches from the closest rail of the tracks) and a painted stop bar (fifteen and a half feet from the closest rail). A city park had been built next to the railroad tracks, and vegetation had been planted in connection with this park within the Railway's right of way, along the edge of the park. Plaintiff contended at trial that this vegetation was overgrown and therefore obstructed the decedent Fortner's ability to see the oncoming train as he approached the tracks.

The accident occurred on the afternoon of October 6, 1997. Two witnesses observed Fortner's truck approach the railroad crossing on Main Street: Jim Rushing, a former member of the Register City Council, who crossed the tracks in his pickup truck just ahead of Fortner's vehicle, and who observed the collision in his rear-view mirror; and Wyman Harley, the Railway's locomotive engineer, who had taken his train through this crossing "a thousand" times and who was riding in the locomotive of the train on that day. Both witnesses testified that Fortner's truck stopped only one time.

The train engineer, Harley, testified that, as he was keeping a lookout from his position in the locomotive, he first saw Fortner's truck when it was approximately 20 to 25 feet from the tracks. The truck was moving when Harley first saw it, and Harley realized with alarm that the truck was "running too fast" and would not be able to stop before the rails. He immediately applied the train's emergency brakes. As the train closed in on the crossing, Harley saw the truck come to a stop "[r]ight directly on the tracks," with the front wheels of the tractor-trailer resting between the two rails of the track. Harley saw the truck stop only that one time before the collision occurred. Rushing, looking back along the road toward the truck, saw Fortner's vehicle stop only once, but was unable to tell exactly where it stopped, whether very close to the tracks or on the tracks. As he watched in his rear-view mirror, however, he saw the train hit the truck and push it out of the way.

1. Appellant contends that the trial court erred in allowing the investigating officer, Ricky Helton, to opine that a contributing factor of the accident was that the decedent Fortner "disregarded the stop sign." Appellant asserts that the admission of this testimony was

---

[2] Appellant states in her brief that after the trial appellant and Register entered into a settlement of all claims against it; therefore, no issues in this appeal relate to Register.

error because Helton did not personally witness the collision and was not qualified as an expert in accident reconstruction. We disagree.

Helton, the investigating officer, a Georgia state trooper with 18 years experience at the time of trial, testified that he had attended training in traffic accident investigation and in preparing official traffic accident reports; that he had been trained to determine the cause of traffic accidents; and that as a state trooper he had investigated accidents numbering "in the thousands." Helton acknowledged that he did not have training in "accident reconstruction." Helton arrived at the scene 12 minutes after the collision occurred. He found decedent Fortner's body lying on the ground not far from the cab of the truck; the door of the cab was open. He testified at trial that he had examined the position of the train and the truck, and the damage to the cab of the truck and to the locomotive, as well as skid marks on the ground which he determined were those of the Fortner vehicle. He also spoke to witnesses at the scene, who confirmed that the train's front light had been flashing and its horn blowing as it approached the crossing. Based on his investigation on that day, Helton determined that, as the train came through the crossing, the front of the train struck the right front of the cab of the truck and swept the truck off the tracks. Over appellant's objection, Helton was allowed to testify that based upon his examination of the physical evidence at the scene and talking to the eyewitnesses at the scene, he concluded that a contributing factor to the accident was that Fortner "disregarded the stop sign."

It has long been recognized that "a police officer with investigative training and experience on automobile collisions is an expert,"[3] although, "[o]f course the credibility and weight to be given his testimony is for the jury."[4] Such an officer is an expert even if he is not trained to reconstruct traffic accidents;[5] and, as an expert, the investigating officer "is allowed to testify about what he observed at the accident scene and to give his conclusions from those observations about what happened (as opposed to which party was at fault)."[6] Indeed, for a trial court to exclude the investigating officer's testimony about the cause of the accident has been found to constitute an

---

[3] *Massee v. State Farm &c. Ins. Co.*, 128 Ga. App. 439, 443 (3) (197 SE2d 459) (1973) (state patrolman allowed to testify as to how three-car collision occurred). Accord *Drummond v. Gladson*, 219 Ga. App. 521, 522 (1) (465 SE2d 687) (1995) (physical precedent only); *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385, 392 (3) (414 SE2d 521) (1991) (whole court).

[4] *Massee*, supra.

[5] *Jefferson Pilot Life Ins. Co.*, supra.

[6] (Citation omitted.) *Drummond*, supra (not error to admit investigating officer's diagram of collision scene).

abuse of discretion.[7] As this Court explained in *Jefferson Pilot Life Ins. Co.*,[8] the issue is not whether the patrolman's opinion invaded the province of the jury, but whether the subject is a proper one for opinion testimony: "Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the layman."[9] Where the investigating officer's opinion is based on his examination of physical evidence at the scene,[10] and not solely on statements of witnesses,[11] and where he does not opine as to the ultimate issue of a party's negligence,[12] his opinion on the cause of the accident is admissible as "an assessment of fact and not a legal conclusion or a conclusion constituting a mixture of law and fact."[13] Thus, an investigating officer may testify that one of the drivers was the sole cause of the accident;[14] that the light was red;[15] or that both drivers lost control.[16] In the case at bar, trooper Felton did not opine as to whether Fortner was at fault or whether he was negligent. Rather, his testimony concerned the sequence of events leading up to the collision. We conclude that trooper Felton's opinion as to whether Fortner stopped for the stop sign was admissible.

---

[7] *Jefferson Pilot Life Ins. Co.*, supra.

[8] Id.

[9] (Citation and punctuation omitted.) Id.

[10] *Massee*, supra at 440 (1).

[11] *Purcell v. Kelley*, 286 Ga. App. 117, 118 (1) (648 SE2d 454) (2007) (harmful error to allow investigating officer to opine that defendant ran red light, where officer's testimony was based solely on witness statements taken at scene, rather than on examination of physical evidence); *Perez v. Malhenzie*, 165 Ga. App. 520 (1) (300 SE2d 226) (1983) (investigating officer's testimony that plaintiff failed to obey stop sign inadmissible where based only on statements of witnesses at scene).

[12] *Emory v. Dobson*, 206 Ga. App. 482, 483-484 (426 SE2d 50) (1992) (officer allowed to testify as to observations at accident scene and to opine as to how three-vehicle collision occurred, but prohibited from opining concerning which party was at fault); *Foskey v. Williams Bros. Trucking Co.*, 197 Ga. App. 715, 716 (1) (399 SE2d 484) (1990) (defendant's expert's diagram showing reconstruction of collision admissible where expert's testimony did not assert that plaintiff was "unequivocally at fault"). Compare *McMichen v. Moattar*, 221 Ga. App. 230 (1) (470 SE2d 800) (1996) (officer's testimony that defendant did not cause collision was not admissible); *Smith v. Fee*, 197 Ga. App. 483 (398 SE2d 801) (1990) (officer's testimony that defendant did not contribute to accident was inadmissible).

[13] (Citations omitted.) *Jefferson Pilot Life Ins. Co.*, supra; *Bennett v. Mullally*, 263 Ga. App. 215, 218 (2) (587 SE2d 385) (2003) (physical precedent only).

[14] *Reid v. Midwest Transp.*, 270 Ga. App. 557, 562 (3) (607 SE2d 170) (2004) (summary judgment affirmed where based on investigating officer's admissible and probative opinion as to cause of accident).

[15] *Bennett*, supra at 219 (2) (no error for investigating officer to opine based on evidence at the scene and witness interviews that defendant ran a red light; this opinion was as to sequence of events and did not constitute an opinion as to any party's negligence).

[16] *Felton v. White*, 197 Ga. App. 367 (1) (398 SE2d 425) (1990).

Further, even if the trial court erred in admitting Felton's opinion testimony, any error was harmless and provides no basis for reversal, in light of the fact that this evidence was cumulative of the evidence of the two eyewitnesses, Harley and Rushing, who both testified that Fortner failed to stop short of the tracks. In addition, two other defense experts opined at trial, without objection, that Fortner did not stop at the stop sign at the crossing. It is well settled that "evidence which is cumulative of other legally admissible evidence of the same fact, renders harmless admission of incompetent evidence."[17]

2. Appellant further contends that the trial court erred in permitting the Railway's expert witness, Herschel Andrews, to testify that, looking down the tracks from the crossing, he could have seen a train coming. This enumeration of error fails. First, it was not preserved for appeal; second, even if preserved for appeal, the testimony was properly admitted as the opinion testimony of an expert witness; and third, even if admitted in error, the error was harmless because the testimony was cumulative of testimony given by other witnesses.[18]

Andrews testified that from 1954 to 1984, he was a professional truck driver, accumulating three and a half million accident-free miles; and from 1984 until the time of trial, he taught truck driving, both in the classroom and over the road, to more than 100 students per year. Andrews visited the crossing where the collision occurred and observed the sight view available. When asked at trial if he had examined the sight view at the crossing for the purpose of determining whether it was adequate, he answered, "I did and it was — you could see some and if it had been a train up there, I think I could have seen the train."

Appellant objected to this testimony on the grounds that "[w]hat [Andrews] thinks is not evidence." This objection, however, was not sufficiently specific to provide any basis for a ruling by the trial court.[19] Therefore, appellant has waived consideration of this error on appeal.

Even if the error had been preserved for appeal, however, the trial court did not abuse its discretion in admitting the opinion

---

[17] (Punctuation and footnote omitted.) *Dunn v. State*, 277 Ga. App. 209, 210 (2) (626 SE2d 174) (2006). See also *Malcolm v. Cotton*, 128 Ga. App. 699, 700 (1) (197 SE2d 760) (1973).

[18] See *Pineda v. State*, 287 Ga. App. 200, 202 (2) (651 SE2d 148) (2007) ("[t]o secure reversal, an objector must establish error, contemporaneous objection and harm flowing from the error") (footnote omitted).

[19] See *Henley v. State*, 281 Ga. App. 242, 243 (2) (635 SE2d 856) (2006) ("an objection must specify the evidentiary rule at issue"); *Jackson v. State*, 272 Ga. 554, 555-556 (3) (532 SE2d 674) (2000) (objection that asking witness how it felt to have a gun placed to her head was "irrelevant" held to be "too general and vague to raise an issue for decision by the trial court").

testimony of this expert witness. "Admissibility of evidence rests in the trial court's sound discretion, and wherever the evidence is of doubtful relevance or competence, it should be admitted and its weight left to the jury."[20] In particular, with regard to the qualification of a witness as an expert, "[t]he question of whether a witness is qualified to give his opinion as an expert is one for the court. Its determination will not be disturbed except that it be manifestly abused."[21] As to the expertise required of such a witness, "[g]enerally nothing more is required to qualify an expert than that he has been educated in a particular trade or profession; and this special knowledge may be derived from experience as well as study and mental application."[22] Because Andrews had 30 years experience as a truck driver and 16 years experience as an instructor of truck drivers, and because his training and experience included the proper conduct of a truck driver in negotiating railroad crossings, the trial court did not err in allowing Andrews to give his opinion as an expert that he could have seen the train coming from the crossing. His opinion as to what could be seen of a moving train was admissible as an observation "which cannot be adequately described and presented to the jury with the same force and clearness as [it] appeared to the witness, such as a person's intoxicated state, an employee's competence, or handwriting identity."[23]

Even if the trial court erred in admitting this expert testimony, however, its admission was harmless error because it was cumulative of other testimony admitted at trial without objection. David Bodiford, president and owner of the Railway, testified on cross-examination that the visibility at this crossing was adequate for a person sitting in a tractor-trailer 45 or 55 feet long. Karen Stenborg, former mayor of Register, testified that "there is no visibility problem for seeing a train. . . . [W]hether you're approaching the track, whether you're stopped on the white line, whether you're stopped at the track, if you look, you can see if a train is coming." Trooper Helton, the investigating officer, also testified that no trees or bushes obstructed Fortner's view of the oncoming train. In light of this testimony, admitted without objection from Sheila Fortner, the admission

---

[20] (Citation omitted.) *Foskey*, supra at 717 (1).

[21] (Citation and punctuation omitted.) *Bales v. Shelton*, 197 Ga. App. 522, 525 (3) (b) (399 SE2d 78) (1990).

[22] (Citations and punctuation omitted.) *Pope v. Pressley*, 204 Ga. App. 115, 118-119 (3) (418 SE2d 635) (1992).

[23] (Punctuation and footnote omitted.) *Carnes v. Woodall*, 233 Ga. App. 797, 798-799 (1) (505 SE2d 537) (1998) (investigating officer, testifying as a lay witness, could opine that it was "almost virtually impossible" for the defendant driver to see the oncoming wheelchair racer at the intersection).

of Andrews's opinion, even if error, was harmless and does not call for reversal of the judgment.[24]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 8, 2008.

*Smith & Jenkins, Wilson R. Smith,* for appellants.
*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl, Casey & Gilson, Matthew D. Williams,* for appellee.

---

[24] See *Dunn,* supra; *Malcolm,* supra.