**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A1742. CLACK et al. v. HASNAT et al.

MCFADDEN, Chief Judge.

Jason Clack was riding his motorcycle when he collided with an automobile occupied by defendants Kazi Hasnat and Tanjila Hasnat.[1] Jason Clack died as a result of injuries sustained in the accident. Plaintiffs Brittany Clack and Courtney Clack, individually, and James Clack, as the administrator of Jason Clack's estate, filed this wrongful death and negligence action against the Hasnats. Following a trial and jury verdict in favor of the defendants, the trial court entered judgment for the defendants. The plaintiffs filed a motion for new trial, which the trial court denied. The plaintiffs then filed this appeal.

---

[1] There was conflicting evidence at trial as to whether Kazi Hasnat or Tanjila Hasnat was driving the automobile, but this issue is not pertinent to this appeal.

On appeal, the plaintiffs claim that the trial court erred in allowing witnesses to estimate the speed of the motorcycle based on its engine sound, but the trial court did not abuse his discretion in allowing the evidence. The plaintiffs claim that the trial court erred in refusing to declare a mistrial after testimony that Jason Clack would have been cited for driving under the influence ("DUI") of methamphetamine had he survived, but the trial court's instruction to the jury to disregard this improper testimony was a proper exercise of discretion. Finally, the plaintiffs claim that the trial court erred in denying their motion for new trial, but they have offered no argument or citation to authority in support of this claim beyond the two nonmeritorious arguments listed above, So we affirm.

1. *Testimony regarding the speed of the motorcycle based on its engine sound.*

At trial, several witnesses testified that based on the sound of the motorcycle's engine, Jason Clack was accelerating and driving at a high rate of speed — approximately 80 to 100 miles per hour — just before the collision. In addition, Thomas Hunnicutt, a police officer who heard the accident from one-fourth of a mile away, testified that based on its sound the motorcycle's speed was between 60 and 80 miles per hour before impact. The plaintiffs argue that this testimony was inadmissible because the witnesses did not actually see the motorcycle at the time of

impact, and a witness may only estimate a vehicle's speed if he or she saw the vehicle at the time of the accident. We conclude that the trial court did not abuse its discretion in allowing this testimony, because the witnesses stated the facts upon which their opinions were based.

"A trial court's decision regarding the admission or exclusion of evidence is reviewed for an abuse of discretion." *Steen-Jorgensen v. Huff*, 352 Ga. App. 727, 732 (3) (835 SE2d 707) (2019) (citation and punctuation omitted); see also *Moran v. Kia Motors America*, 276 Ga. App. 96, 98 (2) (622 SE2d 439) (2005) ("It is well settled that the determination of whether the witness has established sufficient opportunity for forming a correct opinion, and a proper basis for expressing his opinion, is for the trial court. Absent an abuse of discretion, the trial court's decision will not be disturbed.") (citation and punctuation omitted).

OCGA § 24-7-701 (a) provides that if a witness is not testifying as an expert, his or her testimony in the form of opinions or inferences shall be limited to those which are: "(1) Rationally based on the perception of the witness; (2) Helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (3) Not based on scientific, technical, or other specialized knowledge within the scope of Code Section 24-7-702." "A layman's opinion of speed is admissible in

evidence when he has testified as to the facts upon which the opinion is based. The weight and consideration to be given such evidence is for the jury." *Horton v. State*, 119 Ga. App. 43, 44 (3) (166 SE2d 47) (1969); see also *Fouts v. Builders Transport*, 222 Ga. App. 568, 575 (1) (474 SE2d 746) (1996) ("It is well established that a lay witness may express opinions regarding traffic signals, speed, distance, and stopping distances based on the witness's observations."); *Eastern Dehydrating Co. v. Brown*, 112 Ga. App. 349, 351-352 (4) (145 SE2d 274) (1965) ("It is not error to allow witnesses to testify to their opinions of the speed of an automobile, whether they be expert or lay witnesses, where they have properly stated the facts upon which their opinions are based.") (citation and punctuation omitted).

Here, the witnesses testified to the facts upon which their estimates of the motorcycle's speed were based. Specifically, they explained that their opinions were based on: their experience riding motorcycles; their experience hearing and seeing motorcycles, including Jason Clack's particular motorcycle, being ridden at high rates of speed; and the manner in which Clack's motorcycle passed the witnesses' vehicles and crested hills. See *Fouts*, 222 Ga. App. at 575-576 (1) (trial court did not err in permitting a witness to express her opinion as to whether a truck could have stopped if its brakes were in working order, where she testified to the reasons for her opinion,

including her observations of the accident and her experience observing trucks stopping and braking); *Ewing v. Johnston*, 175 Ga. App. 760, 767 (3) (334 SE2d 703) (1985) (witness was permitted to express his opinion as to a vehicle's speed, where he testified to the reasons for his opinion, including that the vehicle knocked off the tire from his own, heavier vehicle).

This factual foundation permitted the witnesses to estimate the motorcycle's speed just before and at the time of impact, even though they did not view the impact. See *Hill v. Kirk*, 78 Ga. App. 310, 310 (50 SE2d 785) (1948) (trial court did not err in allowing witness to testify that he could not tell how fast a vehicle was going "because the only thing he saw was the headlights approaching, and he heard the noise, but did know that it was going well over 35 miles per hour," where his opinion was based on his knowledge of driving cars); *Engle v. Finch*, 37 Ga. App. 389, 390 (140 SE 632) (1927) ("[T]he witness may, from hearing the noise which the automobile made while in motion and from hearing the impact when it collided with the poles and from observing its condition after it had been wrecked, form an estimate of the speed at which the automobile was traveling, although the witness did not see the automobile."). The weight to be accorded to these estimates was a matter to be determined by the jury. See *Horton*, 119 Ga. App. at 44 (3).

5

2. *Expert testimony*.

The plaintiffs claim that the trial court erred in "allowing late-identified and unqualified expert witnesses to testify at trial." Specifically, the plaintiffs challenge the testimony of Jason Hatcher, an investigator with the Henry County Police Department, and Joseph Austin, a forensic toxicologist with the Georgia Bureau of Investigation.

> [W]ith regard to the qualification of a witness as an expert, the question of whether a witness is qualified to give his opinion as an expert is one for the court. Its determination will not be disturbed except that it be manifestly abused. As to the expertise required of such a witness, generally nothing more is required to qualify an expert than that he has been educated in a particular trade or profession; and this special knowledge may be derived from experience as well as study and mental application.

*Fortner v. Town of Register*, 289 Ga. App. 543, 548 (2) (657 SE2d 620) (2008) (citations and punctuation omitted); see also OCGA § 24-7-702 (b).

(a) *Jason Hatcher.*

The plaintiffs' claim that Hatcher should have been excluded from testifying at trial because he was identified too late fails for two reasons. First, the plaintiffs did not seek to exclude Hatcher from testifying at trial on the basis that he was identified

6

too late, and "[i]ssues never raised at trial will not be considered for the first time on appeal." *Lapolla Indus. v. Hess*, 325 Ga. App. 256, 261 (2) (750 SE2d 467) (2013) (citations and punctuation omitted). Second, the defendants identified Hatcher as a potential witness in the consolidated pre-trial order. Compare *Ballard v. Meyers*, 275 Ga. 819, 820 (572 SE2d 572) (2002) (as a sanction for non-disclosure, a party may be excluded from calling a witness who was not disclosed in the pre-trial order).

The plaintiffs also argue that Hatcher was not qualified to testify regarding the cause of the collision because he did not reconstruct the collision, did not compute the motorcycle's speed, did not conduct time and distance calculations of the Hasnats' automobile, and based his conclusion solely on the fact that Jason Clack tested positive for methamphetamine. We disagree.

> It has long been recognized that a police officer with investigative training and experience on automobile collisions is an expert, although of course the credibility and weight to be given his testimony is for the jury. Such an officer is an expert even if he is not trained to reconstruct traffic accidents; and, as an expert, the investigating officer is allowed to testify about what he observed at the accident scene and to give his conclusions from those observations about what happened (as opposed to which party was at fault).

7

*Fortner*, 289 Ga. App. at 545 (1) (citations and punctuation omitted); see also *McMichen v. Moattar*, 221 Ga. App. 230, 230 (1) (470 SE2d 800) (1996) ("[A]s a general rule, where an investigating officer's training and experience qualify him as an expert, it is proper for the officer to testify concerning the cause of an accident.").

Here, Hatcher had 16 years of experience with the Henry County Police Department, had conducted traffic investigations since 2009, and had received training on such investigations. Hatcher testified that he was the lead investigator of this accident and responded to the scene, where he walked and photographed the area, reviewed eyewitness statements, marked the locations of the motorcycle and the automobile at the time of impact, ascertained the weather and lighting conditions, and noted the scene's hilly terrain. Hatcher concluded that Jason Clack contributed to the accident because he traveled too fast for conditions, passed vehicles in a no-passing zone and on a hillcrest, and was under the influence of methamphetamine. Contrary to the plaintiffs' assertion that Hatcher based his conclusion solely on the fact that Clack tested positive for methamphetamine, Hatcher explained that his conclusion was based partly on the area's hilly terrain, and its associated reduced visibility, as well as witness statements.

8

In light of Hatcher's experience and his investigation of the accident, which included more than merely reviewing eyewitness statements, the trial court was authorized to conclude that he was qualified to present his opinion as to why Jason Clack contributed to the accident.

> Where the investigating officer's opinion is based on his examination of physical evidence at the scene, and not solely on statements of witnesses, and where he does not opine as to the ultimate issue of a party's negligence, his opinion on the cause of the accident is admissible as an assessment of fact and not a legal conclusion or a conclusion constituting a mixture of law and fact. Thus, an investigating officer may testify that one of the drivers was the sole cause of the accident . . . .

*Fortner*, 289 Ga. App. at 546 (1) (citations and punctuation omitted); see also *Furlong v. Dyal*, 246 Ga. App. 122, 125 (1) (539 SE2d 836) (2000) (opinion testimony by officer who investigated scene of accident was reliable and admissible, as her affidavit showed she had observed scene of accident and interviewed drivers who allegedly caused accident); compare *Purcell v. Kelley*, 286 Ga. App. 117, 118-119 (1) (648 SE2d 454) (2007) (trial court erred in allowing officer to testify to his opinion that a stop light was red at the time of an accident, where his opinion was based solely on witness statements taken at the scene). In addition, this court has previously rejected the argument that an expert may not testify to the cause of an

accident simply because he did not reconstruct the accident. See *Fortner*, 289 Ga. App. at 544-546 (1). So the trial court did not manifestly abuse its discretion in allowing Hatcher's testimony.

(b) *Joseph Austin.*

Any claim by the plaintiffs that Austin should have been excluded from testifying at trial because he was identified too late fails for three reasons. First, the plaintiffs do not present any meaningful argument in support of such a claim and have therefore abandoned it. See *Farmer v. Dept. of Corrections*, 346 Ga. App. 387, 394 (2) (816 SE2d 376) (2018) ("[U]nder the rules of this Court, an appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citations and punctuation omitted); Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."). Second, the plaintiffs did not seek to exclude Austin from testifying at trial on the basis that he was identified too late. Third, the defendants identified Austin as a potential witness in the consolidated pre-trial order.

The plaintiffs argue that Austin was not qualified to testify regarding perception-reaction time and whether Jason Clack's positive methamphetamine test

was the result of illegal or prescription drugs. But the plaintiffs did not object to Austin's testimony or qualifications at trial; in fact, their counsel stated that counsel had "[n]o doubt" Austin was qualified. So the plaintiffs have failed to preserve this argument for appellate review. See *Hess*, 325 Ga. App. at 261 (2). Even if we were to consider this argument, it would fail. A review of the trial transcript shows that Austin did not testify to perception-reaction time or whether the positive methamphetamine test was the result of illegal or prescription drugs, and Austin was qualified as an expert regarding the matters to which he did testify, including the effects of methamphetamine on behavior and conduct.

3. *The positive methamphetamine test and motion for mistrial.*

Before trial, the plaintiffs filed a motion in limine to exclude Jason Clack's positive methamphetamine test, on the basis that it was irrelevant and overly prejudicial. The trial court denied that motion. On appeal, the plaintiffs appear to claim that the trial court erred in allowing Hatcher to testify that if Clack had survived the accident, he would have been cited for DUI. We agree that this testimony was improper. But the plaintiffs immediately objected to the testimony and moved for a mistrial below, and while the trial court denied the motion for mistrial, it instructed the jury that this testimony was inadmissible and should be disregarded. Thus, the

11

plaintiffs' true claim is that the trial court erred in denying their motion for mistrial. We find no merit in that claim.

"The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. Unless it is apparent that a mistrial is essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with." *Firestone Tire & Rubber Co. v. King*, 145 Ga. App. 840, 843 (2) (244 SE2d 905) (1978) (citation and punctuation omitted). Here, the trial court did not manifestly abuse its discretion in denying the plaintiffs' motion for mistrial.

When the defendants' counsel asked Hatcher how the positive methamphetamine test affected his conclusion that Jason Clack contributed to the accident, the following exchange occurred between counsel and Hatcher:

> **Hatcher:** That would have placed [Clack] as being under the influence. He would have been DUI. Once we got those results, it kind of explained why somebody might be passing multiple cars at a time at a high rate of speed. Normally folks that aren't under the influence . . . generally follow the rules of the road more closely than just blatantly.

> **Counsel:** All right. What is your understanding as a . . . uniformed peace officer as to what under the influence of methamphetamine means?

12

**Hatcher:** Being under the influence of methamphetamine there is no amount that is legal in the State of Georgia, so he would have been considered DUI. Had he survived, he would have been issued citations for driving under the influence.

While counsel's question of what being under the influence of methamphetamine meant to a police officer could be subject to multiple interpretations, it appears counsel was simply trying to prompt Hatcher to explain how methamphetamine may have influenced Clack's driving behavior. "[W]here illegal testimony is volunteered by a witness in answer to the question asked, and where such answer is ruled out, it is ordinarily not an abuse of discretion to refuse to grant a mistrial." *Jones v. State*, 139 Ga. App. 643, 644-645 (1) (229 SE2d 121) (1976). "[I]n reference to a mistrial, a voluntary statement made by a witness stands on a different basis than the same statement elicited by the deliberate and improper conduct of an attorney, who is an officer of the court." Id. at 645 (1).

As stated above, the trial court instructed the jury to disregard Hatcher's testimony immediately after it had been given. "Where a motion for a mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where

13

proper corrective measures are taken and there is no abuse of discretion, the refusal of the trial court to grant a mistrial is not error." *Ross v. Hagler*, 209 Ga. App. 201, 203 (1) (433 SE2d 124) (1993) (citation and punctuation omitted); see also *King*, 145 Ga. App. at 843 (3) (trial court acted within its discretion in denying mistrial, where it promptly instructed the jury to disregard the witness's objectionable answer). Because it appears that Hatcher's improper testimony was not deliberately elicited, and because the trial court promptly took corrective measures, the court did not manifestly abuse its discretion in denying the motion for mistrial.

4. *The denial of the plaintiffs' motion for new trial.*

While the plaintiffs claim in their final enumeration of error that the trial court erred in denying their motion for new trial, they fail to support this enumeration of error with any argument or citation to authority. To the extent the plaintiffs assert in this enumeration of error any claims other than those already discussed above, they have abandoned those claims, which present nothing for us to review. See *Farmer*, 346 Ga. App. at 394 (2); Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

14